United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-21094

ASTRO TECHNOLOGY, INC.,

Plaintiff-Appellant,

VERSUS

ALLIANT TECHSYSTEMS, INC., ATK THIOKOL INC., SCOTT HYDE, and KURT MILDENHALL

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas, Houston

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Astro Technology, Inc. ("Astro") and its president David Brower claim to have developed a proprietary method of using fiber optic technology to gather data from inside solid rocket motors. In 2000, Astro formally entered into a business relationship with defense and aerospace contractor ATK Thiokol, Inc.("Thiokol")[1] to

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1]Thiokol has since been acquired by Alliant Techsystems, Inc., who is also a defendant-appellee in this suit. Astro also sued two of Thiokol's managers, Scott Hyde and Kurt Middenhall.

explore the usefulness of Astro's technology in Thiokol's rocket motors. As part of their relationship, Astro and Thiokol signed a Proprietary Information Agreement ("PIA") governing the use, exchange, and confidentiality of their ideas.

Thereafter, the relationship deteriorated and in 2003 Astro sued Thiokol, alleging twelve causes of action including breach of the PIA, misappropriation of trade secrets, fraud, and negligent misrepresentation. On March 24, 2004, the district court dismissed three of Astro's claims under Rule 12(b)(6). On September 28, 2005, the district court granted Thiokol's motion for summary judgment on Astro's remaining claims, finding that Astro failed to present evidence that raised a genuine issue of material fact. *See* FED. R. CIV. P. 56(c). The court also excluded portions of the report submitted by one of Astro's expert witnesses, and limited David Brower's testimony to the subject of damages.

Astro appeals the district court's order granting summary judgment and its order limiting and excluding Astro's expert witnesses. Having carefully reviewed the record and the parties' briefs, and having heard oral argument, we conclude that the district court committed no reversible error, and we AFFIRM essentially for the reasons stated by the district court. AFFIRMED.

Furthermore, Astro's motion for sanctions, costs, and fees is DENIED.